The STATE of Texas

v.

Mark MERU, Appellee.

No. PD–1635–12.

Court of Criminal Appeals of Texas.

Nov. 27, 2013.

Grant Jones, Attorney at Law, Georgetown, TX, for Appellant.

Douglas K. Norman and Leo Henry Gonzalez, Assistant District Attorneys, Corpus Christi, Lisa C. McMinn, State's Attorney, Austin, TX, for the State.

## *OPINION*

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, and HERVEY, JJ., joined. PRICE, J., filed a concurring opinion. ALCALA, J., filed a concurring opinion, in which WOMACK and COCHRAN, JJ., joined.

Appellee, Mark Meru, was convicted of burglary of a habitation and sentenced to 25 years in prison. He filed a motion for new trial, complaining that the trial court erred in refusing to give the requested jury instruction on the lesser-included offense of criminal trespass. The trial court granted the motion for new trial based on this complaint. The State appealed, arguing that criminal trespass cannot be a lesser-included offense of burglary because trespass requires intrusion of the defendant's entire body while burglary only requires a partial intrusion of the body. The court of appeals affirmed the trial court's order for a new trial. *State v. Meru*, No. 13–12–00223–CR, 2012 WL 5292924, 2012 Tex.App. LEXIS 8942 (Tex.App.-Corpus Christi Oct. 25, 2012) (not designated for publication). We granted the State's petition for discretionary review to determine whether the court of appeals erred in affirming the trial court's grant of Appellee's motion for a new trial. We disagree with the court of appeals that Appellee was entitled to an instruction on the lesser-included offense of criminal trespass and, therefore, reverse.

## FACTS

Andrew Trevino was inside his apartment when there was a knock on the door. Trevino looked through the peephole and saw Appellee standing at his door. Trevino, not recognizing Appellee, decided not to open the door and instead watched him through the peephole for roughly a minute and a half. During that time, Trevino watched Appellee again knock on his door and walk back and forth between it and his neighbor's door. When he saw Appellee finally turn away from his door, Trevino, believing Appellee was leaving, walked away from his door and went into his restroom.

Trevino testified that while he was in the restroom, he heard a loud thud at the front door. He quickly proceeded to the front of his apartment where he found the door open and the molding around it broken. When he stepped outside to look around, Trevino saw Appellee walking toward the street, no more than 15 feet away from Trevino's apartment. Nothing was missing from the apartment, but Trevino called the police. While on the call, he approached and asked Appellee why he had kicked in his door. Appellee responded that he had seen someone "looking in [Trevino's] patio," and he was simply trying to scare them away.

When Officer Brenda Garza arrived, Appellee told her that he did not kick in the door and was at the apartments looking for a friend who lived there. Appellee later told a detective that he had been by his car when he saw a man running from the direction of Trevino's apartment. Appellee stated that Trevino then came outside, approached Appellee, and accused him of pushing in the door to his house. Appellee specifically denied breaking into Trevino's apartment.

The State charged Appellee with burglary by entering a habitation without the effective consent of the owner with intent to commit theft.

At trial, an officer with extensive experience investigating burglaries, testified that the damage to the door was indicative of a person having pushed in one side of the door with their body, rather than having kicked it in. The officer also testified that a person would "absolutely" break the plane of the home's entry when pushing in a door in that manner.

Appellee requested a jury instruction on criminal trespass, but the court did not specifically rule on the request and no instruction was included. The jury found Appellee guilty of burglary and he was sentenced by the court to twenty-five years in prison. Appellee filed a timely motion for new trial, which was granted based on the failure to instruct the jury on the lesser-included offense of criminal trespass.

## COURT OF APPEALS

On appeal, the court began with the two-step analysis for determining whether a lesser-included-offense instruction should be given: (1) Are the elements of the lesser-included offense included within the proof necessary to establish the elements of the charged offense? (2) Is there evidence in the record that could allow a jury to find the defendant guilty of only the lesser-included offense? *Meru*, 2012 WL 5292924, at *1, 2012 Tex.App. LEXIS 8942, at *3 (citing *Rice v. State*, 333 S.W.3d 140, 144 (Tex.Crim.App.2011)); *See also Royster v. State*, 622 S.W.2d 442, 447 (Tex. Crim.App.1981); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex.Crim.App.2007).

In analyzing the first step, the court of appeals concluded that this court's holding in *Goad v. State*, 354 S.W.3d 443 (Tex. Crim.App.2011), was controlling. *Meru*,

2012 WL 5292924, at *2, 2012 Tex.App. LEXIS 8942, at *5. There, we held that criminal trespass can be a lesser-included offense of burglary. The court of appeals found no reason to distinguish this case from *Goad* and determined that the outcome of the first step's elemental analysis of the two offenses would, therefore, be the same. *Id.* at *2, 2012 Tex.App. LEXIS 8942 at *6. The court of appeals further determined that, because Trevino testified that Appellee said he was trying to scare someone off Trevino's patio, a jury would have been able to find Appellee guilty of criminal trespass and not guilty of burglary based on the lack of intent to commit theft. *Id.* at *3, 2012 Tex.App. LEXIS 8942 at *8. With both steps of the analysis resolved in favor of including the instruction on criminal trespass, the court of appeals affirmed the trial court's order for a new trial. *Id.*

## ARGUMENTS OF THE PARTIES

The State argues that the court of appeals erred when it held that criminal trespass is a lesser-included offense of burglary and affirmed the trial court's order granting a new trial. The State contends that criminal trespass contains an additional element that disqualifies it from being a lesser-included offense of burglary. Under Texas Penal Code Section 30.05(b)(1), the State asserts, criminal trespass requires the entry of the defendant's entire body, making it insufficient to demonstrate that only a part of the defendant's body entered the complainant's property. Under Texas Penal Code Section 30.02(b), however, it is sufficient to show only a partial entry for the crime of burglary. The State further asserts that even if criminal trespass is a lesser-included offense of burglary, the instruction could not be given in this case because the evidence does not support a conviction on criminal

162

trespass alone. The State contends that there was no evidence of a motive other than theft, and, therefore, no evidence that would allow a jury to find Appellee guilty of criminal trespass but not guilty of burglary of a habitation.

Appellee argues that the entry of "any part of the body" required by the burglary statute necessarily includes entry of the entire body. Therefore, Appellee submits, criminal trespass is a lesser-included offense of burglary of a habitation. Appellee further states that the evidence presented at trial places both the "entry" and "intent" elements at issue, enabling a jury to find a defendant guilty of criminal trespass and not guilty of burglary.

## CASELAW AND STATUTES

Courts apply the two-step analysis discussed above to determine whether an instruction on a lesser-included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex.Crim.App. 2012); *Hall*, 225 S.W.3d at 535–36; *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim.App.1993); *Royster*, 622 S.W.2d at 447. The first step of the analysis is a question of law that does not depend on the evidence presented at trial. This step compares the elements of the offense as alleged in the indictment with the elements of the requested lesser offense. An offense will be a lesser-included offense where "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM. PROC. ANN. art. 37.09(1). To determine whether an offense qualifies as a lesser-included offense under this statute, we use the cognate-pleadings approach. *Ex parte Watson*, 306 S.W.3d 259 (Tex.Crim.App.2009) (op. on reh'g). In *Watson*, we explained that

An offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code of Criminal Procedure, if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense. If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

*Id.* at 273 (citations omitted).

As stated in *Watson*, the elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment. *Id.* In this situation, the functional-equivalence concept can be employed in the lesser-included-offense analysis. When utilizing functional equivalence, the court examines the elements of the lesser offense and decides whether they are "functionally the same or less than those required to prove the charged offense." *McKithan v. State*, 324 S.W.3d 582, 588 (Tex.Crim.App.2010) (citing *Farrakhan v. State*, 247 S.W.3d 720, 722–23 (Tex.Crim.App.2008)); *Jacob v. State*, 892 S.W.2d 905, 908 (Tex.Crim.App.1995).

If this analysis supports a determination that the requested lesser offense is

a lesser-included offense, the court will move to the second step of the test and consider whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense. *Hall,* 225 S.W.3d at 536; *Rousseau,* 855 S.W.2d at 673. This is a fact determination and is based on the evidence presented at trial. If there is evidence that raises a fact issue of whether the defendant is guilty only of the lesser offense, an instruction on the lesser-included offense is warranted, regardless of whether the evidence is weak, impeached, or contradicted. *Cavazos,* 382 S.W.3d at 383.

## ANALYSIS

■ Applying the cognate-pleadings approach, we first determine whether the indictment charging Appellee with burglary of a habitation alleges either all of the elements of criminal trespass, or elements and facts from which all of the elements of criminal trespass may be deduced.

A person commits criminal trespass if he "enters or remains on or in property of another ... without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a). For the purposes of this statute, Section 30.05(b)(1) specifically defines "entry" as "intrusion of the entire body."

The statutory elements of burglary of a habitation under Section 30.02(a), as listed in the indictment, are

(1) Mark Meru [Appellee]

(2) with intent to commit theft

(3) entered a habitation

(4) without effective consent of the owner, Andrew Trevino [1]

With respect to the burglary statute, "enter" is specifically defined as "to intrude: (1) any part of the body; or (2) any physical object connected with the body." TEX. PENAL CODE ANN. § 30.02(b).

This court has previously held that criminal trespass can be a lesser-included offense of burglary of a habitation. *Goad,* 354 S.W.3d at 446; *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985); *Day v. State,* 532 S.W.2d 302, 304–06 (Tex. Crim.App.1975). Although we determined in these cases that each element of criminal trespass would be established with proof equal to or less than that required for burglary of a habitation, we never examined or addressed the issue of the difference between the definitions of "entry" for these two offenses. *See id.* The facts of the present case require us to do so now.

The definition of "entry" in Section 30.05(b) makes the showing of only a partial entry by the defendant insufficient for a conviction of criminal trespass. This same partial entry, however, is all that is needed to support a burglary conviction. In other words, a burglary can be complete upon only a partial intrusion onto the property, whereas the lesser offense would require a greater intrusion. One can imagine a variety of circumstances, including the one in this case, where a defendant who partially encroaches on property could be convicted of burglary but not of criminal trespass because his "entire body" did not enter onto the property. Because criminal trespass requires proof of greater intrusion than burglary, the divergent definitions of "entry" will generally prohibit

---

1. The indictment alleged "that Mark Meru, defendant, on or about November 8, 2011, in Nueces County, Texas, did then and there, with intent to commit theft, enter a habi-

tation, without the effective consent of Andrew Trevino, the owner thereof." The entry here clearly refers to the one defined in the burglary statute.

criminal trespass from being a lesser-included offense of burglary.[2]

It would be possible, however, for the elements of criminal trespass to be deduced from the facts alleged in an indictment for burglary of a habitation, as expressly discussed in *Watson*. Under the cognate-pleadings approach, criminal·trespass would qualify as a lesser-included offense if the indictment alleges facts that include the full-body entry into the habitation by the defendant. This is consistent with our prior analyses of lesser-included offenses. For example,

> in *Bartholomew v. State*, 871 S.W.2d 210 (Tex.Cr.App.1994), the indictment charged reckless driving and alleged the acts showing recklessness as racing and speeding. After doing a statutory comparison of the three offenses, we held that although racing and speeding are not necessarily lesser included offenses of reckless driving, in this case they were because the indictment charging the offense of reckless driving specifically alleged racing and speeding and the proof at trial showed racing and speeding. If the State had alleged other acts to prove the element of recklessness, evidence of racing and speeding presented at trial would not entitle the defendant to a charge on racing and speeding as lesser included offenses. For instance, if the indictment alleged recklessness by driving in circles, "doing donuts" in the street, and the evidence

presented at trial showed the defendant did that as well as raced and sped, speeding and racing would not be facts "required to establish" the charged offense of reckless driving because the charged offense alleged recklessness by "doing donuts." Since racing and speeding would not be "required to establish" the charged offense, they would not be lesser included offenses of the charged offense.

*Jacob*, 892 S.W.2d at 908. Therefore, had Appellee's indictment in this case alleged that he entered by intruding his entire body into the habitation, criminal trespass could have been a lesser-included offense since such a descriptive averment is identical to the entry element of criminal trespass.[3]

Appellee fails to meet the first prong of the lesser-included offense analysis because the entry element of criminal trespass does not require the same or less proof than entry for burglary and there are no facts alleged in the indictment that would allow the entry element of criminal trespass to be deduced. Because this first prong is not met, we need not proceed to the second prong and examine the evidence presented at trial to determine whether a jury could have found Appellee guilty only of criminal trespass. The court of appeals erred in affirming the trial court's grant of a new trial based on the failure to instruct the jury on criminal trespass.

---

**2.** While we find it counterintuitive for criminal trespass to not be a lesser-included offense of burglary, the statutes bind us. The Legislature specifically chose different definitions of "entry" for these two crimes and, as discussed, this difference prevents a conclusion that criminal trespass is a lesser-included offense.

**3.** In a burglary indictment in which the State does not allege whether the defendant's entry was full or partial, an instruction on criminal

trespass as a lesser-included offense would be prohibited. However, a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity. This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass.

## CONCLUSION

The court of appeals improperly concluded that criminal trespass was a lesser-included offense of burglary of a habitation in this case. Appellee failed to demonstrate that criminal trespass is "established by proof of the same or less than all the facts required to establish the commission of the offense charged," as required by Article 37.09(1) of the Code of Criminal Procedure. The judgment of the court of appeals is reversed.

ALCALA, J., filed a concurring opinion in which WOMACK and COCHRAN, JJ., joined.

The offenses of criminal trespass and burglary are two peas in a pod: they similarly criminalize the act of entering on or in the property of another without consent. Because the element of entry for both of these offenses is functionally equivalent, I respectfully disagree with the majority opinion's analysis, the consequence of which is that, absent unrealistic manipulation of pleadings by the State, criminal trespass, as a matter of law, will never be a lesser-included offense of burglary. Unlike the majority opinion, I would hold that criminal trespass, as a matter of law, is a lesser-included offense of burglary under the pleadings in the indictment in this case. *See Hall v. State,* 225 S.W.3d 524, 535 (Tex.Crim.App.2007) ("The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law.").[1] I, however, agree with the Court's ultimate holding that the trial court did not err by denying the request for a lesser-included-offense instruction on trespass because, as a matter of fact, there was no evidence to show that Mark Meru, appellee, was guilty only of trespass. *See id.* at 536 (second step in lesser-included-offense analysis requires that facts in record establish lesser offense as a valid, rational alternative to greater offense). I, therefore, respectfully concur in the Court's judgment in this case.

## I. Analysis of the First Step for Lesser–Included–Offense Instructions

In its brief, the State "concedes that some cases and the Practice Commentary to the 1974 Penal Code do suggest that trespass is generally a lesser[-]included offense to burglary." Within the past two years, this Court has reaffirmed that, as a matter of law based on a comparison of the elements of the two offenses, criminal trespass can be a lesser-included offense of

1. The first step must be capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense. *See Hall v. State,* 225 S.W.3d 524, 535–36 (Tex. Crim.App.2007). It does not depend on the evidence to be produced at trial. *See id.* at 535. In *Hall,* this Court adopted the cognate-pleadings approach for this first step: "the elements and the facts alleged in the charging instrument are used to find lesser-included offenses." *Rice v. State,* 333 S.W.3d 140, 144 (Tex.Crim.App.2011) (quoting *Hall,* 225 S.W.3d at 535). The Texas Code of Criminal Procedure provides that an offense is a lesser-included offense if

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM. PROC. art. 37.09.

burglary. *See Goad v. State,* 354 S.W.3d 443, 446 (Tex.Crim.App.2011) ("The offense of criminal trespass is established by proof of the facts of burglary of a habitation as Goad was charged, less proof of the specific intent to commit theft."). Trespass has historically been viewed as differing from burglary only in the respect that burglary includes the additional element of specific intent to commit a felony, theft or assault, or an attempt or commission of a felony, theft or assault. *See id.* Both offenses require proof that a defendant entered property of another without effective consent. *Compare* TEX. PENAL CODE ANN. § 30.02(a)(1), (3) (person commits offense of burglary if he "enters" a habitation or building "without the effective consent of the owner"), *with id.* § 30.05(a) (person commits offense of criminal trespass if he "enters or remains" on or in property of another without effective consent).

I would hold, as this Court has for decades, that criminal trespass can be a lesser-included offense of burglary under an indictment that generally pleads entry without further requiring the State to plead that term's definition because the element of entry for trespass is functionally equivalent to that element for burglary. *See Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985) ("Criminal trespass can be a lesser included offense of burglary of a building."); *Day v. State,* 532 S.W.2d 302, 306 (Tex.Crim.App.1976), *overruled in part by Hall,* 225 S.W.3d at 537. This Court in *Hall* approved the "functional-equivalence concept" as a valid component of the step-one lesser-included-offense analysis. *McKithan v. State,* 324 S.W.3d 582, 587–88 (Tex.Crim.App.2010). This Court's precedent permits an instruction on a lesser-included offense when, although the elements of the lesser offense differ from those of the greater offense, they are functionally equivalent. *Id.* at

588. For this test, the "relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense." *Id.* at 593. The functional equivalence test is "synonymous with the concepts of 'necessary inclusion' or 'subsumption of elements.'" *Id.* at 588 n. 15 (quoting *Evans v. State,* 299 S.W.3d 138, 143 (Tex.Crim.App.2009)); *see Hall,* 225 S.W.3d at 535 (stating that "the elements of the lesser offense do not have to be pleaded [in the indictment] if they can be deduced from the facts alleged in the indictment").

In applying the "functional-equivalence" concept to the offenses of burglary and trespass, this Court has previously held that a burglary indictment's failure to plead that a defendant had notice that entry into a habitation was forbidden did not preclude him from being entitled to a lesser-included-offense instruction on criminal trespass. *Day,* 532 S.W.2d at 306 (holding that "the offense of criminal trespass is a lesser[-]included offense of all three types of burglary," and stating generally that "the elements of criminal trespass, including 'notice,' could be established by proof of the same facts necessary to prove the offense of burglary"). In *Day,* this Court explained that, even though criminal trespass contains an additional element, notice, which is not contained in the offense of burglary, the notice requirement "would be satisfied by proof of entry into the building" because notice can be established by fencing or other enclosure obviously designed to exclude intruders. *Id.* More than thirty years later, this Court held in *Salazar v. State* that the notice element of trespass could be deduced from the elements of burglary of a habitation because a habitation, by its nature, inherently gives notice that entry without consent is forbidden. 284 S.W.3d 874, 877–78 (Tex.Crim.

App.2009). In analyzing whether trespass could be a lesser-included offense of burglary, this Court did not suggest in either *Day* or *Salazar* that the entry element of these two offenses would not overlap under an indictment that generally pleaded entry into a habitation or building. *See Day*, 532 S.W.2d at 306; *Salazar*, 284 S.W.3d at 877–78.[2]

The majority opinion focuses on the different definitions for "entry" as the basis for concluding that, under the indictment in this case, trespass is not a lesser-included offense of burglary because the indictment did not more particularly narrow entry to a complete entry. The term "entry" is defined differently for the offense of trespass, which requires "intrusion of the entire body," as opposed to the definition of that term for the offense of burglary, which requires intrusion of "any part of the body" or "any physical object connected with the body." *Compare* TEX. PENAL CODE ANN. § 30.02(b) (burglary), *with id.* § 30.05(b)(1) (trespass). Though entry has a slightly different definition in the two offenses, the elements in the two statutes are functionally equivalent by targeting a person's unauthorized entry onto property. *Id.* §§ 30.02(a); 30.05(a).

Suggesting that the State can manipulate its burglary pleadings to allege that a defendant entered a habitation by intrusion of the entire body, the majority opinion presents a Trojan horse in an attempt to persuade us that it is really not abdicating Texas's historical understanding that criminal trespass can be a lesser-included offense of burglary. Here, the indictment alleged that appellee "did then and there, with intent to commit theft, enter a habitation, without the effective consent" of its owner, the complainant. If, however, the indictment had additionally alleged that the entry was with the defendant's whole body, then, according to the majority opinion, criminal trespass could be a lesser-included offense, if the evidence adduced at trial established criminal trespass as a valid, rational alternative to the charged offense. The concurring opinion goes so far as to suggest that maybe a defendant could file a motion to quash to require the State's indictment to more particularly allege whether it intended to prove entry of a body part or of the whole person.

"When a statutory term or element is defined by statute, the charging instrument does not need to allege the definition of the term or element." *State v. Barbernell*, 257 S.W.3d 248, 251 (Tex.Crim.App. 2008). If, however, "the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular manner or means it seeks to establish." *Id.* (quoting *Saathoff v. State*,

---

**2.** This Court has applied the functional-equivalence test to offenses other than trespass and burglary. For example, even though manslaughter does not include the elements required for establishing murder, that a defendant act "with intent to cause serious bodily injury to an individual" and "commit an act clearly dangerous to human life," this Court held that the lesser offense of manslaughter was functionally equivalent to the greater offense of murder because the "commission of an act clearly dangerous to human life, shooting with a firearm, is the circumstance surrounding the conduct, which would be the same under either murder or manslaughter."

*Cavazos v. State*, 382 S.W.3d 377, 384 (Tex. Crim.App.2012). Furthermore, as another example of functional equivalence, this Court has held that indecency with a child by contact was a lesser-included offense of aggravated sexual assault of a child even though it contained an element, intent, that was not found in the greater offense. *See Evans v. State*, 299 S.W.3d 138, 142–43 (Tex.Crim.App. 2009) (holding that indecency with a child by contact is lesser-included offense of aggravated sexual assault of a child because, even though the latter offense did not include intent as an express element, lascivious intent was implicitly included).

891 S.W.2d 264, 266 (Tex.Crim.App.1994)). This Court, for example, held in *Barbernell* that a trial court should not quash a DWI information charging a defendant with driving while intoxicated due to the State's failure to allege the definition of "intoxicated" that it intended to prove at trial because the definitions of "intoxicated" are evidentiary. *Id.* at 256. Under this Court's reasoning in *Barbernell,* the State would not be required to more narrowly plead the term "entry" because that term is statutorily defined and any more narrow focus of the term would be purely evidentiary. *See id.* It is true that the State may always increase its burden of proof, if it chooses, by more narrowly pleading the terms in the indictment, but a defendant would not be able to succeed in any motion to quash based on a claim that the State's pleading was inadequate for failing to define entry to conform to the evidence the State intended to introduce at trial. *See id.; Curry v. State,* 30 S.W.3d 394, 398 (Tex.Crim.App.2000) (stating that "[a]n indictment is generally sufficient to provide notice if it follows the statutory language," and State "need not plead evidentiary matters").

And, so, it is time to welcome the Trojan horse. It is true that, after this Court's decision today, there may be a prosecutor somewhere in Texas who decides that he wants to elevate his burden of proof by more particularly pleading the element of entry in a burglary case so that he and the defendant will have the option of getting a lesser-included offense instruction on criminal trespass. But I seriously doubt that this will be the situation in most cases, and, in examining the implications of a particular holding from a policy perspective, courts should focus on the common, usual situation rather than on the extreme or bizarre one. The reality is that the State will continue to plead burglary cases by tracking the elements in the Texas Penal Code, just as it always has, and just as it did in this case. And, therefore, based on those pleadings, this Court's decision will have the actual consequence that criminal trespass will no longer be a lesser-included offense of burglary in virtually all cases.

In light of this Court's historical understanding that criminal trespass is the functionally equivalent lesser-included offense of burglary, I conclude that, under the indictment in this case that generally pleads entry without further defining that term, criminal trespass is, as a matter of law, a lesser-included offense of burglary. I would hold, therefore, that appellee established the first step for demonstrating his entitlement to a lesser-included-offense instruction. *See Hall,* 225 S.W.3d at 535.

## II. Analysis of the Second Step for Lesser–Included–Offense Instructions

I agree with this Court's judgment that the trial court did not err by denying appellee's request for a lesser-included-offense instruction on criminal trespass because appellee has failed to show that there is any evidence that would support the second required step for obtaining that instruction. *See Hall,* 225 S.W.3d at 535 (describing second step as inquiring as to "whether there is some evidence adduced at trial to support such an instruction"). No evidence in this case shows that criminal trespass is a valid, rational alternative to burglary, as a matter of fact. The complainant heard a "thud" at his door and then went to his front door, where he saw that its molding had been broken by someone pushing or kicking in the door. The complainant then saw appellee walking from his door and approached appellee. Appellee told the complainant that he had tried to scare someone away who had been on the complainant's patio. Although this

evidence supports a partial entry of appellee's body, it fails to establish that appellee intruded with his entire body, which is required to establish the offense of trespass. *See* TEX. PENAL CODE ANN. § 30.05(b)(1). Appellee has failed to establish that trespass, under the evidence presented in this case, is a "valid, rational alternative" to burglary. *Hall*, 225 S.W.3d at 536. The trial court, therefore, properly declined to instruct the jury on the lesser-included offense of trespass.

## III.  Conclusion

This case has serious implications for both the State and defendants in all future burglary cases. Although historically considered to be two peas in a pod, after today, trespass is no longer a lesser-included offense of burglary under an indictment that generally pleads the element of entry. This decision turns the two peas into pea soup, a dense fog that will obscure the law for judges who must determine whether the State has manipulated pleadings in an indictment to conform to the anticipated evidence in the case. Because the majority opinion is contrary to the historical understanding that trespass is the functionally equivalent lesser-included offense of burglary, I respectfully concur in the Court's judgment.

PRICE, J., filed a concurring opinion.

I join the Court's opinion.

The determination whether to give a jury instruction authorizing conviction for a lesser-included offense involves two steps.[1] The first step inquires, as a matter of law, whether the elements of the lesser offense are fully embraced by the charging instrument of the greater offense.[2] In *Hall v. State*, we finally settled upon the so-called "cognate pleadings" analysis for making this initial determination.[3] As later elaborated in *Ex parte Watson*, by this analysis a lesser offense is said to be included within the charged offense if all of its statutory elements are expressly set out by, or may be deduced from descriptive averments within, the charging instrument alleging the greater offense.[4] If the lesser offense is regarded as an available "included" offense within the charged offense as a matter of law, then the second question arises, which depends upon the evidence presented and inquires whether a rational jury could find the accused guilty only of the lesser offense.[5]

Although the Court does not spell it out in any detail, I imagine that the argument for criminal trespass as a lesser-included offense of burglary as pled in the indictment in this case would proceed in this way:  The indictment simply alleges that the appellee "did then and there ... enter a habitation," without specifying how that entry was achieved, much less whether it constituted intrusion of the entire body or just a part of it.  No matter, however. Either way the indictment suffices to allege a burglary, since intrusion of the entire body necessarily encompasses intrusion of a part of the body.  Moreover, nothing in the language of the indictment necessarily *rules out* a theory of prosecution that would involve intrusion of the entire body, and perforce, intrusion of a part of the body.  Without more, it could

---

1. *E.g., Guzman v. State*, 188 S.W.3d 185, 188–89 (Tex.Crim.App.2006).

2. *Id.*

3. 225 S.W.3d 524, 535–36 (Tex.Crim.App. 2007).

4. 306 S.W.3d 259, 273 (Tex.Crim.App.2009) (opinion on reh'g).

5. *Guzman*, 188 S.W.3d at 188–89.

certainly be argued that the bare allegation of "enter" in a burglary indictment potentially subsumes—at least it does not manifestly *exclude*—the elemental "entry" in the criminal trespass statute.

It might be different, the argument might continue, had the State pled more specifically in the indictment, in keeping with the statutory definition of "enter" in the burglary statute, that the appellee perpetrated the burglary by intruding *only* a "part of [his] body" onto the premises.[6] In that event, the State would have a compelling argument under the cognate pleadings analysis that criminal trespass was unavailable to the appellee as a lesser-included offense. In the absence of such specificity of pleading, however (and given the likelihood, as an empirical matter, that far more burglaries are perpetrated by intrusion of the entire body onto the premises than by partial bodily intrusion), the lesser-included offense of criminal trespass is available on the basis of a burglary indictment that contains a bare allegation of "entry."

But this is decidedly *not* the way that we have typically implemented the cognate pleadings analysis since *Hall* and *Watson*. Instead, we have consistently said that the descriptive-averment language from the indictment charging the greater offense must be the "functional equivalen[t]" to the elemental language from the statute defining the lesser offense before it may be said that the lesser offense is "included" within the greater.[7] And by "functional equivalent," we have meant that the language of the indictment explicitly operates to commit the State to prove the greater offense in such a way that it will also *necessarily* prove the element required by the statute defining the lesser offense.[8] For example, in *Rice v. State*, the indictment alleged that the appellant committed aggravated assault with a deadly weapon by "use" of "a motor vehicle[.]"[9] Rice argued that the trial court erred to refuse his requested instruction on the lesser-included offense of reckless driving, and the court of appeals agreed.[10] We reversed the judgment of the court of appeals, however, holding that the allegation in the indictment that the appellant "used" the motor vehicle did not commit the State to proving that the appellant necessarily *drove* it, as would be required to prove the lesser offense.[11] "As the State correctly points out," we observed, "driving might be the most common manner in which aggravated assault with a deadly weapon, namely a motor vehicle, may occur, but it is certainly not the only one."[12]

In this case, the State's bare allegation of "entry" in the indictment charging the appellee with burglary did not commit the State to proving that he entered the premises with his entire body. Such a bare allegation could serve only to direct the

6. Tex. Penal Code § 30.02(b)(1).

7. *Farrakhan v. State*, 247 S.W.3d 720, 724 (Tex.Crim.App.2008); *McKithan v. State*, 324 S.W.3d 582, 588 (Tex.Crim.App.2010); *Rice v. State*, 333 S.W.3d 140, 144 (Tex.Crim.App. 2011).

8. *See McKithan*, 324 S.W.3d at 593 ("The relevant inquiry is not what the evidence may show but what the State is required to prove to establish the charged offense."); *id.* at 594 (Cochran, J., concurring) ("The State will not necessarily prove that the defendant intended to physically contact the victim in an offensive manner as it proves that he intended to cause her bodily injury."); *Rice*, 333 S.W.3d at 145–46 (same) (quoting *McKithan, supra*, at 593).

9. *Rice*, 333 S.W.3d at 142.

10. *Id.*

11. *Id.* at 145.

12. *Id.* at 147.

appellee to the statutory definition of "enter" in the burglary statute itself, and that would have notified him that proof that he entered the premises with any part of his body was all that was necessary for the State to convict him of that offense.[13] Moreover, the fact that entry with the entire body "might be the most common manner" by which burglaries occur does not change the calculus, any more than the fact that most uses of a motor vehicle involve driving affected our conclusion in *Rice*.[14] Consistent with our post-*Hall* opinions, the Court is correct to hold, utilizing the cognate pleadings analysis, that the appellee has failed to satisfy the first step of the test for determining the availability of a lesser-included offense instruction.[15]

Though she concludes that the appellee has satisfied the first step, Judge Alcala would nonetheless reverse the trial court and the court of appeals.[16] She would do so on the basis of her further conclusion, under the *second* step of the analysis for determining the availability of lesser-included offense instructions, that a rational

---

**13.** In *Salazar v. State*, 284 S.W.3d 874 (Tex. Crim.App.2009), we similarly resorted to definitions in the Penal Code to determine that an element of the burglary offense that was charged in the indictment "inherently" contained an element of criminal trespass. *Id.* at 876–77. The indictment alleged that Salazar committed burglary of a habitation. *Id.* at 875. Salazar argued that he should have been granted a jury charge instruction on the lesser-included offense of criminal trespass on the theory that he "had notice that the entry was forbidden[.]" *Id.* at 876 (citing Tex. Penal Code § 30.05(a)(1)). We held that Salazar was given notice that entry was forbidden by virtue of the bare pleading that he had entered a "habitation," reasoning that the statutory definition of habitation served "inherently [to provide] notice that entry is forbidden." *Id.* at 878; *see* Tex. Penal Code § 30.01(1) ("'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons . . ."). But that statutory definition appeared nowhere in the indictment. If a statutory definition that is not included in an indictment may nonetheless be consulted to support a conclusion that what is alleged in the indictment inherently includes an element of a lesser offense (so as to justify submission of that offense to the jury as a lesser-included offense), then I do not see why a statutory definition not included in the indictment may not also be consulted to support a conclusion that the indictment allegation does *not* include an element of the lesser offense.

**14.** 333 S.W.3d at 147.

**15.** A defendant who desires a lesser-included offense instruction for criminal trespass may yet have some recourse. Faced with a burglary indictment merely alleging "entry," he may seek greater specificity via a motion to quash for lack of critical notice, asking for clarification whether the State intends to prove that element by virtue of evidence that he intruded upon the premises with his whole body or no more than a part. *See* Tex.Code Crim. Proc. art. 21.11 (indictment must be sufficient "to enable a person of common understanding to know what is meant," and must provide "that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment"). We have held that an indictment alleging burglary need not specify whether the "entry" occurred by virtue of the intrusion of "any part of the body" versus "any physical object connected with the body"—the two statutorily defined manner and means of "entry" under the burglary statute. *Marrs v. State*, 647 S.W.2d 286, 289–90 (Tex.Crim.App.1983); Tex. Penal Code § 30.02(b). I do not think our holding in *Marrs* controls the question whether, in the face of a motion to quash, the State would have to specify in the indictment whether the accused intruded upon the premises with only a part of his body rather than his entire body. Even if we thought *Marrs* did control, we might choose to revisit that issue in light of *Hall* and *Watson*. In any event, whether such a motion to quash would ultimately be well taken is beyond the bounds of the instant case. The result of the cognate pleadings analysis (as we have previously construed it) should be the same, however counter-intuitive or unpalatable that result may seem.

**16.** Judge Alcala's Concurring Opinion.

jury could not have found the appellee guilty *only* of criminal trespass.[17] Because I disagree that the appellee has satisfied the first step, I need not address the second step. Even so, I am compelled to register my serious doubts. After all, "[a]nything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge."[18] What Judge Alcala finds lacking in this case is any evidence to support a finding that the appellee intruded anything more than a portion of his body—enough to simply break the plane of the doorway—into the apartment. I disagree.[19]

The victim, Trevino, testified that the front door to his apartment was locked. He was in his bathroom when he heard the crash of the door being forced open. He "proceeded" to investigate. It typically takes him "ten seconds to walk from [his] bathroom to the front door[.]" He was not asked at trial, nor did he volunteer, how long it took him to "proceed" to his front door on this occasion. While a jury might infer that he must have been in a hurry because of the commotion, it was not required to draw this inference. Once he got to the door, Trevino saw the appellee "like, ten, 15 feet away." Later he reiter-ated that the appellee was "only ten feet away."

Officer Shelton, a twenty-three-year veteran of the Corpus Christi Police Department, testified that he has investigated "[s]everal thousand" burglaries in his time. He was of the view that Trevino's door had not been kicked in, but was "pushed" open, such that "the whole door frame on the left side was pushed out[.]" To break a door open in this "blunt fashion," he elaborated, "requires either a lot of strength or a lot of force to do, because you're—you're pushing a larger section of the—of the door when you do that. It—it doesn't—it doesn't—it's a lot harder to do that." It is certainly true that Shelton also observed that "when you do that you break in the plane of the door." But to say that the force necessary to break a door open without kicking it is *at least* sufficient to break the plane of the door—and hence, establish the partial entry that a conviction for burglary requires—is not to say that the appellee's entire body could not *also* have intruded past the plane of the door and into the apartment.

To my mind, there is more than enough evidence to support a rational jury finding that the appellee's entire body intruded

---

17. *Id.* at 168–69.

18. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim.App.2011) (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994)).

19. There is, moreover, a serious question whether the Court should even address this particular question for the first time in a petition for discretionary review. Mistakenly concluding that this Court's opinion in *Goad* disposed of the issue whether criminal trespass is a lesser-included offense of burglary as alleged in the indictment, the court of appeals never addressed whether the jury could rationally have found "entry" for purposes of criminal trespass while necessarily rejecting "entry" for purposes of burglary. *See State v. Meru*, No. 13–12–00223–CR, 2012 WL 5292924 (Tex.App.-Corpus Christi Oct. 25, 2012) (mem. op., not designated for publication). In our capacity as a discretionary review court, we ordinarily limit ourselves to reviewing "decisions" of the courts of appeals. *Davison v. State*, 405 S.W.3d 682, 691 (Tex.Crim.App.2013). There are exceptions to this practice, of course, but we typically invoke them only "when the proper resolution of the remaining issue is clear[.]" *Id.* at 691–92. As I trust what follows in the text will demonstrate, Judge Alcala's resolution of the remaining issue is anything but clearly proper. The most the Court should do under these circumstances, were it to agree with Judge Alcala, is to remand the cause to the court of appeals for that court to address the issue in the first instance, subject to our potential discretionary review at a later date.

into the apartment, however momentarily. Given the degree of force involved, the time it may have taken Trevino to "proceed" from the bathroom to the door (as long as ten seconds), and the appellee's proximity to the broken doorway when Trevino arrived (as little as ten feet), a rational jury might readily have found that the appellee's entire body was propelled through the doorway when he shouldered open the locked door of the apartment. I daresay, had the appellee been originally charged, prosecuted, and convicted on the basis of these facts for the offense of criminal trespass *simpliciter*, this Court would undoubtedly hold the evidence to be legally sufficient.

The appellee's jury could rationally have found that he entered the apartment with his entire body. Were it also to have found, as the present record would presumably support, that he lacked the requisite intent to justify a conviction for burglary,[20] it could rationally have convicted him of criminal trespass—were that an available lesser-included offense under our cognate pleadings analysis.

With these observations, I join the Court's opinion.

---

20. The court of appeals held that the record would support a rational jury finding of a lack of requisite intent. *Meru*, 2012 WL 5292924, at \*3. Although the State challenged this holding in its second ground for discretionary review, we declined to grant that ground.